IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 16 PM 4:48

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | Cr. No. 03-20057-Ma |
| KEVIN MASHAUN LEVY, | X | |
| Defendant. | X | |

ORDER DENYING MOTION TO MODIFY SENTENCE

Defendant, Kevin Mashaun Levy, Bureau of Prisons (BOP) registration number 14883-076, an inmate at the Federal Correctional Institution at Forrest City, Arkansas, has filed a motion asking the Court to modify his sentence because his continued confinement results in substantial hardship to his family.

On March 4, 2003, a grand jury returned an indictment charging defendant with seven counts of identity theft (Counts One-Seven), in violation of 18 U.S.C. § 1028(a)(7), and seven counts of bank fraud (Counts Eight - Fourteen), in violation of 18 U.S.C. § 1344. On June 27, 2003, Levy pled guilty to Counts One and Seven of the indictment pursuant to a plea agreement which provided for dismissal of the remaining counts of the indictment at sentencing. On October 3, 2003, the Court held a sentencing hearing and on October 7, 2003, entered its judgment imposing a sentence of thirty

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on  11-21-05

48

months imprisonment, together with a three-year period of supervised release. Levy did not appeal.

Levy now asks the Court to reduce his sentence. He alleges that the "primary reason for [his] submission of this motion is the financial health of his family" because his sentence "has caused and continues a tremendous financial burden on his family." In lieu of a sentence reduction, Levy requests that he be allowed to serve the remainder of his sentence on home confinement.

Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (I) extraordinary and compelling reasons warrant such a reduction;
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> >
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly

2

> permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of § 3582 is applicable here. The Director of the Bureau of Prisons has not moved for a reduction of the defendant's sentence under § 3582(c)(1)(A). Neither Fed. R. Crim. P. 35 nor any federal statute authorizes the Court to modify Levy's sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

Section 18 U.S.C. 3624(c) governs release from imprisonment and provides in relevant part as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, <u>not to exceed six months, of the last 10 percentum of the term to be served</u> under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. (Emphasis added)

Section § 3624 vests absolute discretion in the BOP to determine whether to place a prisoner in home confinement during the last six months of a term of imprisonment. <u>Prows v. Federal Bureau of Prisons</u>, 981 F.2d 466, 469 (10th Cir. 1992); <u>United States v. Laughlin</u>, 933 F.2d 786, 789 (9th Cir. 1991). Although § 3624(c)

3

clearly allows the BOP to place prisoners in home confinement, the language is clear that such placement is not to exceed the lesser of the last ten percent of the sentence imposed, or six months. Levy has not served ninety percent of his sentence and has no right to the requested relief.

Finally, hardships to family members are an inevitable result of criminal conduct and confinement. No statute, rule, or case permits the Court to modify a previously imposed sentence because a prisoner's incarceration causes his family to suffer from the prisoner's absence.

The Court lacks jurisdiction to grant any relief and the motion is DENIED.

As no reasonable jurist could disagree that this Court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a), that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this _16th_ day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 48 in case 2:03-CR-20057 was distributed by fax, mail, or direct printing on November 21, 2005 to the parties listed.

---

Kevin Mashaun Levy
FCI-FORREST CITY
14883-076
P.O. Box 8000
Forrest City, AR 72336

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT